# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

GEORGE SALOMON,  CASE NO. _____

    Plaintiff,

v.

TABULA RASA HEALTHCARE
GROUP, INC., a foreign Profit
Corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant Tabula Rasa HealthCare Group, Inc. ("TRHC") hereby gives notice of the removal of this action to the United States District Court for the Northern District of Florida, Gainesville Division, and, in support of its Notice, states as follows.

    1.    **State Court Action**

Plaintiff George Salomon initiated an action in the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida, styled *George Salomon v. Tabula Rasa Healthcare Group, Inc.*, and designated Case Number 01-2022-CA-2064. Plaintiff filed his Complaint on July 6, 2022. True and correct copies of Plaintiff's Complaint and the rest of the state court file are attached as Exhibit 1. TRHC was served with the Complaint on July 22, 2022.

2. **Nature of the Action**

In his Complaint, Plaintiff asserts three causes of action relating to his employment with TRHC. In Count I, Plaintiff asserts a disability discrimination claim under the Florida Civil Rights Act ("FCRA"). In Count II, Plaintiff asserts a retaliation claim under the FCRA. And in Count III, Plaintiff asserts a retaliation claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. *See* Ex. 1, Compl. ¶¶ 55-91.

Plaintiff seeks, *inter alia*, back pay and benefits; "compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life"; reinstatement or, "in lieu of reinstatement, . . . front pay"; punitive damages; and attorneys' fees and costs. *Id.*, pp 11-14.

3. **Removal of State Court Action**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

As demonstrated in Sections 4, 5, and 6 below, this action is removable under 28 U.S.C. § 1441(a) because the Court has federal question jurisdiction over Plaintiff's FMLA claim under 28 U.S.C. § 1331, and the Court has supplemental

jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367. Alternatively, the Court has diversity jurisdiction over this action under 28 U.S.C. § 1332. Moreover, venue is proper in the Gainesville Division of the Northern District of Florida, as demonstrated in Section 7 below. Finally, this Notice of Removal is filed in a timely manner, as demonstrated in Section 8 below.

4. **Federal Question Jurisdiction**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, in Count III, Plaintiff asserts a cause of action arising under the FMLA, a law of the United States. *See* 29 U.S.C. § 2601, et seq.; *Carvalho-Knighton v. Univ. of S. Fla. Bd. of Trs.*, Case No: 8:14-cv-1097-MSS-TGW, 2015 WL 12938951, at *3 n.1 (M.D. Fla. Oct. 13, 2015) ("Removal was proper under federal question jurisdiction based on Plaintiff's complaint alleging that Defendants interfered with and retaliated against Plaintiff in violation of the Family Medical Leave Act, 29 U.S.C. § 2601."). The fact that federal and state courts have "concurrent jurisdiction does not deprive [defendants] of the right to remove the case to federal court." *Lockhart v. Bio-Med. Applications of Ala., Inc.*, No. 18-951, 2019 WL 122992, at *1 (M.D. Ala. Jan. 7, 2019). Thus. because this action raises a federal question, removal is proper.

### 5. Supplemental Jurisdiction

Generally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Here, in addition to filing his FMLA retaliation claim, Plaintiff asserts overlapping discrimination and retaliation claims under the FCRA. *Compare* Ex. 1, Compl. ¶¶ 55-79, *with id.* ¶¶ 80-91. Therefore, Plaintiff's federal and state claims "form part of the same case or controversy," and this Court has supplemental jurisdiction over Plaintiff's state claims. 28 U.S.C. § 1367(a).

### 6. Diversity Jurisdiction

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a).

#### a. Diversity of Citizenship

For there to be diversity of citizenship, "no plaintiff may be a citizen of the same state as any of the defendants." *Knorr v. Standard Fire Ins. Co.*, No. 20-1813, 2020 WL 5229406, at *2 (M.D. Fla. Sept. 2, 2020).

Plaintiff is a Florida citizen. *See* Ex. 1, Compl. ¶ 2. As to TRHC's citizenship, for purposes of diversity jurisdiction and removal, "a corporation shall be deemed

to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). TRHC is incorporated in Delaware. Ex. 2, Decl. ¶ 4. TRHC's headquarters, where its officers direct its activities, are located in New Jersey. *Id.* ¶ 5. Therefore, TRHC is a citizen of Delaware and New Jersey. Accordingly, because Plaintiff is a citizen of Florida, the diversity requirement is satisfied.

      **b.**     **Amount in Controversy**

"Where the plaintiff has not [pled] a specific amount of damages, as [Plaintiff] has not here, the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial

experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

The amount in controversy is determined by what "a reasonable reading" of the complaint indicates the plaintiff could theoretically obtain if the allegations are true and the plaintiff wins at trial. *Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (finding that even though the complaint alleged merely the minimum "amount necessary for state circuit court jurisdiction . . . a reasonable reading of the plaintiffs' complaint discloses that the amount in controversy does in fact exceed" the minimum for federal diversity jurisdiction); *see also Archer v. Kelly*, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003) ("[T]he amount in controversy[] reflects the potential damages a judge or jury could award if the claim is valid, the defendant liable, and the injury compensable."); *Jackson v. Am. Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("The appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint.").

While TRHC denies that Plaintiff is entitled to any relief whatsoever, the amount in controversy requirement is satisfied because, under a reasonable reading of the Complaint, Plaintiff is seeking damages exceeding $75,000. As noted above,

Plaintiff seeks, *inter alia*, (a) back pay; (b) front pay; (c) compensatory damages for mental anguish; (d) punitive damages; and (e) attorneys' fees. The FCRA makes available "affirmative relief from the effects of the [discriminatory] practice, including back pay"; "compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries"; punitive damages; and reasonable attorneys' fees. Fla. Stat. § 760.11(5); *see also Wineberger v. Racetrac Petroleum, Inc.*, No. 14-653, 2015 WL 225760, at *3-4 (M.D. Fla. Jan. 16, 2015) (finding that jurisdictional amount was satisfied in FCRA discrimination case based on back pay, front pay, compensatory damages, punitive damages, and attorneys' fees); *Logsdon v. Duron, Inc.*, No. 05-243, 2005 WL 1163095, at *4-5 (M.D. Fla. May 17, 2005) (finding that amount in controversy requirement was satisfied based on "back pay," "compensatory, non-economic damages," and "front pay"). The FCRA caps only punitive damages, which "shall not exceed $100,000." Fla. Stat. § 760.11(5).

The $75,000 jurisdictional threshold is satisfied for several reasons. First, Plaintiff's back pay can exceed $75,000. Prior to his termination, Plaintiff earned an average of $760 per week. Ex. 2 ¶ 7. Applying this average, in the 82 weeks from Plaintiff's January 7, 2021 termination to August 5, 2022, his pay would have been approximately $62,320. Furthermore, "back pay may be calculated through the estimated date of trial." *Gonzalez v. Honeywell Int'l, Inc.*, No: 16-3359, 2017

7

WL 164358, at *2 (M.D. Fla. Jan. 17, 2017). Here, a conservative estimate of a reasonable trial date is at least one year from removal. *See Wineberger*, 2015 WL 225760, at *3 & n.3 (stating that FCRA discrimination case was a type of case that "will likely proceed to trial within one to two years after the filing of the complaint"); S.D. Fla. L.R. 16.1(a)(2)(B) (stating that, in a standard track case, "discovery shall be completed within 180 to 269 days from the date of the Scheduling Order"); Fed. R. Civ. P. 16(b)(2) (stating that a scheduling order must be issued "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared"). One more year (*i.e.*, 52 weeks) of back pay would add approximately $39,520 to the amount in controversy, bringing the potential back pay to approximately $101,840.

Second, "it is reasonable to add one year of front pay to the amount in controversy in an FCRA employment discrimination case." *Gonzalez*, 2017 WL 164358, at *2.[1] One year of front pay could amount to approximately $39,520.

Third, Plaintiff seeks compensatory damages for emotional distress. Courts often find that where litigants, like Plaintiff here, seek compensatory damages for

---

[1] The *Gonzalez* court pointed out that the availability of reinstatement instead of front pay "does not discredit Defendant's amount in controversy calculation" because "[r]einstatement is a form of equitable relief," and, "[f]or purposes of calculating the amount in controversy, the value of this relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Gonzalez*, 2017 WL 164358, at *2 n.2 (internal quotation marks omitted). The court concluded that the front pay calculation was "conservative" "[b]ecause the monetary value of reinstatement would likely equal or exceed that of a year's worth of front pay." *Id.*

8

personal suffering, the minimum amount in controversy exists. *See, e.g.*, *Estevez-Gonzalez*, 606 F. Supp. at 129 (finding that amount in controversy requirement was satisfied where the "complaint alleges physical and mental pain"). The FCRA does not limit compensatory damages. Therefore, although TRHC denies that Plaintiff is entitled to any relief at all, the compensatory damages he seeks further satisfies the amount in controversy requirement for diversity jurisdiction.

Fourth, the punitive damages Plaintiff requests must be considered when determining the amount in controversy. *See, e.g.*, *Saadi v. Maroun*, No. 07-1976, 2009 WL 3736121, at *1 (M.D. Fla. Nov. 4, 2009) ("It is well established that attorney's fees and punitive damages, when allowed by applicable state law, may be included in determining the amount in controversy." (internal quotation marks omitted)). Although TRHC specifically denies that Plaintiff would be entitled to recover any punitive damages, up to $100,000 in punitive damages are available under the FCRA. *See* Fla. Stat. § 760.11(5). This amount suffices to satisfy the amount in controversy requirement. *See Ryan v. State Farm Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that court had jurisdiction because plaintiff requested $100,000 in punitive damages, and "it is possible for a jury to award this much in punitive damages under Georgia law").

And fifth, in the Eleventh Circuit, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in

controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). The FCRA provides a statutory basis for recovery of reasonable attorneys' fees. *See* Fla. Stat. § 760.11(5). Accordingly, Plaintiff's request for attorneys' fees under the FCRA further establishes that the amount in controversy exceeds the $75,000 jurisdictional threshold.

In sum, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of a different state than TRHC, the district court has original jurisdiction under 28 U.S.C. § 1332(a), and TRHC may remove this case to this Court under 28 U.S.C. § 1441(a).

7. **Venue**

The state court case was brought in the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida. Therefore, the Northern District of Florida is the federal district court to which this case must be removed, and the Gainesville Division is the proper division to which this case must be removed. *See* 28 U.S.C. §§ 1441(a) (stating that an action "may be removed … to the district court of the United States for the district and division embracing the place where such action is pending") & 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ….").

8. **Timeliness of Notice of Removal**

Under 28 U.S.C. § 1446(b), this removal is timely because thirty days have not elapsed since TRHC was served with process.

9. **State Court Pleadings**

Under 28 U.S.C. § 1446(a), together with this Notice, TRHC is simultaneously filing copies of all process, pleadings, and orders existing on file in the state court in this removed action. Copies of these removal documents are attached to this Notice of Removal as Exhibit 1. Further, under 28 U.S.C. § 1446(d), TRHC filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida. A copy of the Notice of Filing Notice of Removal, without attachments, is attached hereto as Exhibit 3.

Dated: August 15, 2022.	Respectfully submitted,

	*/s/Charles M. Garabedian*
	Kimberley E. Lunetta
	  Florida Bar No. 1026812
	  Email:  kimberley.lunetta@morganlewis.com
	Charles M. Garabedian
	  Florida Bar No. 1000974
	  Email: charles.garabedian@morganlewis.com
	Morgan, Lewis & Bockius LLP
	600 Brickell Avenue, Suite 1600
	Miami, FL  33131-3075
	Telephone:  305.415.3000
	eFacsimile:  305.415.3001

	*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Charles M. Garabedian*
Charles M. Garabedian

# SERVICE LIST

Peter M. Hoogerwoerd, Esq.
Corey L. Seldin, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
pmh@rgpattorneys.corn
cseldin@rgpattorneys.corn
*Counsel for Plaintiff*